NOT DESIGNATED FOR PUBLICATION

No. 129,590

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS
*Appellee*,

v.

AUSTIN HUNSAKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; ROBERT J. BEDNAR, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HILL, P.J., ISHERWOOD, and BOLTON FLEMING, JJ.

HILL, J.: This is an appeal brought under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48) upon the motion of Austin Hunsaker. Convicted of one count of domestic battery after pleading no contest, Hunsaker contends the sentencing court should have placed him on probation rather than send him to jail for six months. Because Hunsaker has already served his six-month sentence we have no jurisdiction to review his sentence. Simply put, he served his time and we are powerless to give it back to him.

Here, Hunsaker was sentenced for the misdemeanor domestic battery conviction under K.S.A. 21-5414(a)(2), which provides for a sentence of "not less than 48 consecutive hours nor more than six months' imprisonment and fined not less than $200,

1

nor more than $500." K.S.A. 21-5414(c)(1)(A). Hunsaker does not argue his sentence was illegal. Thus, because his sentence was within the statutory sentence range, the district court did not abuse its discretion in imposing Hunsaker's jail sentence.

The State has filed a notice of change of custody showing that Hunsaker completed his sentence on December 30, 2025, and was thus discharged from custody. Accordingly, as Hunsaker has already completed his sentence, we lack jurisdiction to review his sentence. We can and will review any order to pay fines and costs since any error in imposing them can still be redressed.

*Sentencing fees must be approved on the record before they can be imposed*.

Under K.S.A. 22-3801(a), after a defendant is convicted of a crime, "the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases." And under K.S.A. 28-172a(d), unless specifically fixed by statute, "[a]ll other fees and expenses to be assessed as additional court costs shall be approved by the court." Thus, the court must first approve a fee or expense—unless set by a statute—before imposing the fee.

Here, the sentencing court derived its authority to impose the fee by statute, which contemplates a $200-$500 fee for domestic battery convictions. See K.S.A. 21-5414(c)(1)(A). The court imposed a $200 fee, well within the permitted range under the statute. Thus, we find no abuse of discretion in the imposition of a $200 fee for Hunsaker's domestic battery conviction.

Affirmed.